IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
ROBERT S. HILLARD,              )
                                )
          Petitioner,           )      8:14CV310
                                )
     v.                         )
                                )
BARBARA LEWIEN, Warden, MIKE    )      MEMORANDUM AND ORDER
KINNEY, Director, and           )
NEBRASKA DEPT OF CORRECTIONS,   )
                                )
          Respondents.          )
_____ )
```

This matter is before the Court on initial review of petitioner Robert Hillard's Petition for Writ of Habeas Corpus. Petitioner raises the following claim in his habeas corpus petition: Petitioner is being illegally detained by the State of Nebraska because "the trial court lacked jurisdiction to remand [him] to the custody of the Nebraska Department of Corrections because [he] had completed the mandatory portion of [his] sentence and [the] trial court had no record of the taking of any good time." (Filing No. 1 at CM/ECF p. 7.)

The Court preliminarily decides that petitioner's claim is potentially cognizable in federal court. However, the Court cautions that no determination has been made regarding the merits of the claim or any defenses to it or whether there are procedural bars that will prevent petitioner from obtaining the relief sought.

IT IS ORDERED:

1. Upon initial review of the habeas corpus petition (Filing No. 1), it is preliminarily determined that petitioner's claim is potentially cognizable in federal court.

2. The clerk's office is directed to mail copies of this Memorandum and Order and the habeas corpus petition to respondents and the Nebraska Attorney General by regular first-class mail.

3. By **March 12, 2015,** respondents must file a motion for summary judgment or state court records in support of an answer. The clerk's office is directed to set a pro se case management deadline in this case using the following text: March 12, 2015: deadline for respondents to file state court records in support of answer or motion for summary judgment.

4. If respondents elect to file a motion for summary judgment, the following procedures must be followed by respondents and petitioner:

> A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.
>
> B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of

State Court Records in Support of Motion for Summary Judgment."

C. Copies of the motion for summary judgment, the designation, including state court records, and respondents' brief must be served on petitioner *except* that respondents are only required to provide petitioner with a copy of the specific pages of the record that are cited in respondents' brief. In the event that the designation of state court records is deemed insufficient by petitioner, petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

E. No later than 30 days after petitioner's brief is filed, respondents must file and serve a reply brief. In the event that respondents elect not to file a reply brief, they should inform the Court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

    F. If the motion for summary judgment is denied, respondents must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondents are warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including petitioner's release.**

  5. If respondents elect to file an answer, the following procedures must be followed by respondents and petitioner:

    A. By March 12, 2015, respondents must file <u>all</u> state court records that are relevant to the cognizable claims. *See, e.g.,* Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

    B. No later than 30 days after the relevant state court records are filed, respondents must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of petitioner's allegations that have

-4-

survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the Rules Governing Section 2254 Cases in the United States District Courts.

C. Copies of the answer, the designation, and respondents' brief must be served on petitioner at the time they are filed with the Court *except* that respondents are only required to provide petitioner with a copy of the specific pages of the designated record that are cited in respondents' brief. In the event that the designation of state court records is deemed insufficient by petitioner, petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after respondents' brief is filed, petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

E. No later than 30 days after petitioner's brief is filed, respondents must file and serve a reply brief. In the event that respondents elect not to file a reply brief, they should inform the

>   Court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.
>
>   F.  The clerk's office is directed to set a pro se case management deadline in this case using the following text: **April 13, 2015**: check for respondent's answer and separate brief.

6.  No discovery shall be undertaken without leave of court.  *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

7.  This matter will progress in the manner set forth above.  Accordingly, petitioner's Motion to Be Brought Before the Court (Filing No. 6) is denied.

DATED this 27th day of January, 2015.

> BY THE COURT:
>
> /s/ Lyle E. Strom
> _____
> LYLE E. STROM, Senior Judge
> United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.